## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

EDGAR ANTONIO BARRON-HERNANDEZ,  )
                                                      Petitioner,  )
v.                                                       )      Case No. CIV-08-829-M

H.A. LEDEZMA, WARDEN,  )
                                                      Respondent.  )

### REPORT AND RECOMMENDATION

Petitioner, a federal prisoner currently in custody at the Federal Correctional Institution (FCI) in El Reno, Oklahoma, and appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2241 seeking federal habeas corpus relief. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth below, it is recommended that the petition be summarily dismissed upon filing.[1]

**I.    Background**

Petitioner is in the custody of the United States Bureau of Prisons and incarcerated at FCI, El Reno pursuant to a judgment and conviction entered in Case No. 5:07CR00863-001, United States District Court for the Southern District of Texas on November 30, 2007.

---

[1] Rule 4 may be applied in the Court's discretion to actions brought pursuant to Section 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts. *See also Boutwell v. Keating*, 399 F.3d 1203, 1210 n. 2 (10th Cir. 2005) (district court acted within its discretion in applying the Section 2254 Rules to prisoner's § 2241 petition) (*citing* Rule 1(b)).

Petitioner pled guilty to Attempted Re-Entry of a Deported Alien in violation of 8 U.S.C. § 1326(b)(2) and 6 U.S.C. §§ 202 and 557. Petitioner was sentenced to a term of 41 months imprisonment. Upon release from imprisonment, Petitioner is subject to supervised release for a term of 3 years. *See* Petition, Attachment 1, Judgment.

Petitioner did not appeal from the judgment of conviction or the imposition of his sentence. *See* Petition at 3, ¶ 12. In addition, Petitioner has indicated on the form § 2241 petition, that he has not previously filed any "petitions for habeas corpus, motions under [28 U.S.C. § 2255], or any other applications, petitions or motions with respect to his conviction." *See* Petition at 2, ¶ 3.

## II. Analysis

As grounds for federal habeas corpus relief, Petitioner states broadly that he is in custody in violation of the Constitution or laws or treaties of the United States. *See* Petition at 4, ¶ 14(a). In support, Petitioner alleges he has been "committed" by the Federal Bureau of Prisons based on arbitrary and capricious information provided by the United States Probation Office, his movement is being controlled by the Federal Bureau of Prisons and he is "confined to a limited community" and "cannot go to and fro" as he pleases. *See id.* As relief, Petitioner seeks his immediate discharge and release from all federal authorities. *See* Petition at 5, ¶ 15.

A petition filed pursuant to 28 U.S.C. § 2241 attacks the execution of a sentence and must be filed in the district where the prisoner is confined. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner's allegations in support of his § 2241 petition are

conclusory and vague. He does not articulate the manner in which the execution of his sentence is unconstitutional or otherwise in violation of federal law. While he challenges his "commitment" to the Bureau of Prisons based on "arbitrary and capricious" information provided by the United States Probation Office, he fails to identify any facts which would enable this Court to meaningfully review and determine the basis of his claims.

Although the Court could alternatively construe the Petition as a challenge to his conviction and sentence brought pursuant to 28 U.S.C. § 2255, the Court declines to do so. Petitioner's allegations are too vague to make such a determination. In addition, this Court lacks jurisdiction over any § 2255 petition as such a petition must be filed in the district that imposed the sentence, here the Southern District of Texas. *See Bradshaw*, 86 F.3d at 166.

To the extent Petitioner attempts to challenge the validity of his federal conviction and sentence in an action brought pursuant to § 2241, Petitioner has failed to demonstrate that the remedy provided by § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (discussing extremely narrow exception which authorizes challenge to conviction and sentence under § 2241 when remedy provided by § 2255 is inadequate or ineffective). His conclusory allegations are grossly deficient.

For these reasons, it is recommended that the Petition, brought pursuant to 28 U.S.C. § 2241 and purporting to challenge the execution of Petitioner's sentence, be summarily dismissed. A review of the face of the Petition and its attachments demonstrates that Petitioner has failed to articulate any federal constitutional or statutory basis for habeas relief.

conclusory and vague. He does not articulate the manner in which the execution of his sentence is unconstitutional or otherwise in violation of federal law. While he challenges his "commitment" to the Bureau of Prisons based on "arbitrary and capricious" information provided by the United States Probation Office, he fails to identify any facts which would enable this Court to meaningfully review and determine the basis of his claims.

Although the Court could alternatively construe the Petition as a challenge to his conviction and sentence brought pursuant to 28 U.S.C. § 2255, the Court declines to do so. Petitioner's allegations are too vague to make such a determination. In addition, this Court lacks jurisdiction over any § 2255 petition as such a petition must be filed in the district that imposed the sentence, here the Southern District of Texas. *See Bradshaw*, 86 F.3d at 166.

To the extent Petitioner attempts to challenge the validity of his federal conviction and sentence in an action brought pursuant to § 2241, Petitioner has failed to demonstrate that the remedy provided by § 2255 is inadequate or ineffective. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (discussing extremely narrow exception which authorizes challenge to conviction and sentence under § 2241 when remedy provided by § 2255 is inadequate or ineffective). His conclusory allegations are grossly deficient.

For these reasons, it is recommended that the Petition, brought pursuant to 28 U.S.C. § 2241 and purporting to challenge the execution of Petitioner's sentence, be summarily dismissed. A review of the face of the Petition and its attachments demonstrates that Petitioner has failed to articulate any federal constitutional or statutory basis for habeas relief.

**III.     Pending Motion**

Simultaneously with the filing of the Petition, Petitioner filed a Motion In Pursuant of § 2243 Issuance of Writ [Doc. #3]. Petitioner makes no factual allegations in support of the motion. Title 28 U.S.C. § 2243 provides:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*.

28 U.S.C. § 2243 (emphasis added). As set forth above, the Petition should be summarily dismissed because Petitioner has failed to articulate a federal constitutional or statutory basis upon which to challenge the execution of his sentence. Accordingly, Petitioner's § 2243 Motion should be denied.

**RECOMMENDATION**

It is recommended that the Petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be summarily dismissed. It is further recommended that Petitioner's Motion In Pursuant of § 2243 Issuance of Writ [Doc. #3] be denied.

**NOTICE OF RIGHT TO OBJECT**

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. §636. Any objections should be filed with the Clerk of this Court by October __8th__, 2008. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to Warden Ledezma.

ENTERED this __18th__ day of September, 2008.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE